UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN JONES and
TAMMY HOWARD,

        Plaintiffs,

vs.                                            Case No. 12-13560

BAYVIEW LOAN SERVICING, LLC,            HON. AVERN COHN
and BAYVIEW ACQUISITIONS, LLC,

        Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 14)[1]**

**I. INTRODUCTION**

      This is another one of many cases pending in this district involving a default on a

mortgage and subsequent foreclosure proceedings.  As will be explained, plaintiffs Brian

Jones and Tammy Howard (plaintiffs) defaulted on a mortgage loan used to finance the

purchase of residential property located at 31156 Lagoon Drive, Novi, Michigan (the

property).  Foreclosure by advertisement proceedings have concluded and the redemption

period has expired.  Nevertheless, plaintiffs contend that they have a right to the property.

Plaintiffs are suing defendants Bayview Loan Servicing, LLC (Bayview Servicing) and

Bayview Acquisitions, LLC (Bayview Acquisitions) (collectively, defendants).[2]

_____

[1] Upon review of the papers, the Court deems this matter appropriate for decision
without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] Plaintiffs also sued the Federal Deposit Insurance Corporation as receiver for Miami
Valley Bank (FDIC-Receiver) and Nationstar Mortgage, LLC (Nationstar).  (Doc. 1).  On

Plaintiffs' first amended complaint is in six counts, phrased as follows:

Count I:       Fraud and Misrepresentation;

Count II:      Violation of the Federal Truth in Lending Act (TILA) and Federal Reserve Regulation Z;

Count III:     Common Law Rescission and/or Reformation;

Count IV:      Quiet Title;

Count V:       Credit Repair Organizations Act (CROA); and

Count VI:      Injunctive Relief.

(Doc. 1-1 at 6-13).

Before the Court is defendants' motion for summary judgment.  (Doc. 14).  For the reasons that follow, the motion is GRANTED.

## II. BACKGROUND

On November 1, 2005, plaintiffs executed a mortgage on the property and a promissory note in the amount of $480,000.00.  (Doc. 1-1 at 26-44).  Plaintiffs' mortgage on the property identifies the Miami Valley Bank as lender and plaintiffs as borrowers.  (*Id.* at 28).  The mortgage was recorded on May 1, 2006.  (*Id.* at 15).

On October 4, 2007, the Miami Valley Bank was closed by the Ohio Superintendent of Financial Institutions and the FDIC was appointed Receiver.  (Doc. 21 at 4).

After making successful payments for two years, plaintiffs defaulted on the mortgage loan.  The FDIC pursued foreclosure by advertisement under Mich. Comp. Laws §§ 600.3201, et seq.  The FDIC published notice in a local newspaper and a copy of the notice

---

July 6, 2012, the parties stipulated to the dismissal of Nationstar with prejudice.  (Doc. 1-1 at 53-54).  On November 5, 2012, the parties stipulated to the dismissal of the FDIC-Receiver with prejudice.  (Doc. 12).

was posted on the premises from November 23, 2010 until June 21, 2011.  (Doc. 1-1 at 15).  On June 21, 2011, a Sheriff's sale was held; the FDIC was the purchaser of the property for $263,500.  (*Id.*).  This resulted in a deficiency, leaving a remaining balance on the mortgage note.

Under Michigan law, plaintiffs had six months to redeem the property.  *See* Mich. Comp. Laws § 600.3236.  Prior to the expiration of the redemption period, plaintiffs filed a complaint in Oakland County Circuit Court against Nationstar Mortgage LLC[3], only.[4]  The redemption period expired on December 21, 2011.  Plaintiffs failed to redeem the property within the six-month statutory redemption period, and title to the property vested in the FDIC on that date.  *See* Mich. Comp. Laws § 600.3236.  On the same day, the FDIC sold the property and to Bayview Servicing; the mortgage loan was sold to Bayview Acquisitions.  (Doc. 15-2 at 2; Doc. 19-2 at 2).  Bayview Servicing was retained to service the loan on behalf of Bayview Acquisitions.  (*Id.*).

On July 3, 2012, plaintiffs filed a first amended complaint in Oakland County Circuit Court, adding Bayview Acquisitions, Bayview Servicing, and the FDIC as defendants.[2]  In addition to money damages, plaintiffs seek to have the June 21, 2011 Sheriff's sale set aside, the mortgage note cancelled, and title quieted in their names.

### III. LEGAL STANDARD

Summary judgment will be granted when the moving party demonstrates that there

---

[3] Plaintiffs alleged that Nationstar serviced the mortgage loan.

[4] Nationstar was dismissed with prejudice from this case.  *See infra* at 1-2 n.2.

[2] As explained above, the FDIC has been dismissed with prejudice.  *See infra* at 1-2 n.2.

is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set out specific facts showing a genuine issue for trial. *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). The Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## IV. ANALYSIS

### A. Fraud and Misrepresentation and Common Law Recession (Counts I & III)

### 1. Fraud and Misrepresentation

In Count I of the complaint, plaintiffs claim that defendants, as successors in interest of the FDIC and Miami Valley Bank, "made misrepresentations about plaintiff[s'] ability to repay the loan in an effort to cause plaintiffs to enter in the loan agreement." (Doc. 1-1 at 9). This took place during the during the application stage of the loan. Specifically, plaintiffs say that "[t]hese representations grossly understated the costs of the loan to plaintiffs." (*Id.*). In essence, plaintiffs say they should have never been approved for the loan because their "credit scores were horrid," and they were not in a position to pay back the loan. This, plaintiffs claim, amounts to fraud and misrepresentation. Plaintiffs are mistaken.

4

Under Michigan law, to prove a claim of fraudulent misrepresentation or common law fraud, plaintiffs must satisfy six elements:

> (1) the defendant[s] made a material misrepresentation; (2) the representation was false; (3) when the representation was made, the defendant[s] knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant[s] made it with the intention that the plaintiff should act upon it; (5) the plaintiff[s] acted in reliance upon the representation; and (6) the plaintiff[s] thereby suffered injury.

*Roberts v. Saffell*, 280 Mich. App. 297, 403 (2008) (citations omitted).

Plaintiffs' fraud and misrepresentation claim fails for multiple reasons.  First, defendants are correct that plaintiffs have not introduced evidence of any misrepresentations made by defendants that would satisfy the particularity requirements of Fed. R. Civ. P. 9(b).  In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted).  Plaintiffs' amended complaint patently fails to meet the particularity requirements of Rule 9(b).  Plaintiffs have not identified the allegedly false statements that were made.  They generally argue that statements were made, but cannot point to any specific statements.  Their allegations are conclusory.

Second, plaintiffs' claim is based on their position that Miami Valley Bank induced plaintiffs to enter into a loan that they should not have been approved for.  As the Court has stated on a prior occasion, such a fraud claim is "littered with defects."  *Abo-Hassan v. Gold Star Mortg. Fin. Grp., Corp.*, No. 12-14421, 2013 WL 249603, at *2 (Jan. 23, 2013) (internal

quotations and citation omitted).  In *Abo-Hassan*, when dealing with the same claim, the

Court stated:

> To the extent that any material misrepresentation was made,
> it was made by plaintiff, the signatory to the loan application,
> not defendant.  Further, the note clearly showed the monthly
> payments that plaintiff would be required to pay.  She did not
> object.  In fact, she made several payments on the loan without
> objecting that her monthly income was misrepresented on the
> loan application.  Her claim is belied by the loan application,
> the mortgage, and the note.

*Id.*  This case is no different.  To the extent that any material misrepresentation was made,

it was made by plaintiffs themselves in their Uniform Residential Loan Application.  (Doc.

14-5).  In the loan application, which plaintiffs signed, they represented their combined

income to be $12,196.00 per month.  (*Id.* at 3).   They listed that their combined assets

totaled $254,400.00.  (*Id.* at 3-4).  Plaintiffs were granted a loan from Miami Valley Bank

based on representations they made in the application themselves.  For two years, plaintiffs

made payments on the note without objection.   If plaintiffs did not agree with the

information they provided themselves in the loan application, they should not have signed

it.  Nor should they have continued to make payments on the note for two years.

Because the facts of this case do not provide plaintiffs with a cognizable fraud or

misrepresentation claim, allowing plaintiffs the opportunity to amend the complaint to state

fraud with particularity would be futile.

## 2. Common Law Recession and/or Reformation

Count III of plaintiffs' complaint claims that defendants, as successors in interest of

FDIC and Miami Valley Bank, "materially misrepresented to plaintiffs the ability of plaintiffs

to repay the loan and the costs of the loan."  As explained above, this claim does not have

any merit because plaintiffs have not introduced any evidence that defendants misrepresented anything.  Rather, plaintiffs are the ones who made the representations in their loan application, which they signed.  Thus, the Court has no authority to rescind or reform the mortgage instrument.

## B. Truth in Lending Act Claim (Count II)

In Count II of the complaint, plaintiffs say defendants, as successors of interest of the FDIC and Miami Valley Bank, violated the TILA by failing to provide accurate and material disclosures at closing, and by charging unreasonable fees.  As the Sixth Circuit has explained, "TILA requires that creditors make certain disclosures as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions." *Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012) (per curium) (internal quotation marks omitted).  TILA claims are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  The statute of limitations begins to run " 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.' " *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009).

Here, the actions plaintiffs claim violate TILA occurred at the closing of the mortgage on November 1, 2005.  By this date, plaintiffs had a "complete and present cause of action" and could have filed suit to obtain relief.  Plaintiffs did not file suit until December 8, 2011, more than six years after the claimed wrongful disclosures were made.  The claim is time-barred.

Although the Sixth Circuit held that § 1640(e) is subject to equitable tolling in appropriate circumstances, *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007), this is not an appropriate case for equitable tolling.  Equitable tolling

7

of the statute is appropriate when there has been "(1) wrongful concealment . . . by the defendants; (2) failure of the plaintiff[s] to discover the operative facts that are the basis of [their] cause of action within the limitations period; and (3) plaintiffs['] due diligence until discovery of the facts." *Hamilton Cnty. Bd. Of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (citation omitted); *see also Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010). Here, plaintiffs do not proffer any evidence that shows anything was concealed from them at the time the mortgage was executed. Instead, they make conclusory statements that Miami Valley Bank made misrepresentations at the time they entered into the mortgage. This, however, is belied by the fact that they made payments on the note for over two years.

### C. Quiet Title and Injunctive Relief (Counts IV and VI)

#### 1. Quiet Title

Under Michigan law, following foreclosure, the rights and obligations of the parties are governed by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. *See* Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942). Generally, once the redemption period has expired, all of the mortgagor's rights to the property are extinguished as a matter of law. *Williams v. Pledged Prop. II, LLC*, No. 12-1056, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012) (citing Mich. Comp. Laws § 600.3236; *Piotrowski v. State Land Office Bd.*, 302 Mich. 179 (1942)). Notwithstanding, however, "Michigan courts allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in

8

order to keep a plaintiff's suit viable, provided [plaintiff] makes a clear showing of fraud, or irregularity by the defendant." *El-Seblani v. IndyMac Mortg. Servs.*, No. 12-1046, 2013 WL 69226, at *3 (6th Cir. 2013) (citing *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)); *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000) (internal quotation marks omitted)); *see also Houston v. U.S. Bank Home Mortg. Wisconsin Serv.*, No. 11-2444, 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) ("Because she is outside of the redemption period, [plaintiff] can undo the divestment of her property right only if there was fraud, accident, or mistake.").

Here, plaintiffs have not made a showing of fraud or irregularity sufficient to unwind the foreclosure sale. Indeed, there "must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." *Houston*, 2012 WL 5869918, at *5. That is not the case here. Plaintiffs have not alleged, nor have they proffered any evidence, that there was fraud or an irregularity that occurred during the foreclosure process. Rather, plaintiffs claim that misrepresentations were made at the signing of the mortgage loan. Their claim is not sufficient to unwind the foreclosure sale.

Plaintiffs' quiet title claim fails for an additional reason. The Sixth Circuit has recently held that a quiet title claim is a remedy, and not a separate cause of action. *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 WL 1104991, at *3 (6th Cir. March 18, 2013).

### 2. Injunctive Relief

Like quiet title, injunctive relief is a remedy, and not a separate cause of action. *Id.* Thus, plaintiffs' claim for injunctive relief fails as a matter of law.

### D. Credit Repair Organizations Act (Count V)

9

Plaintiffs claim that defendants, as successors in interest of the FDIC and Miami Valley Bank, violated the CROA by misrepresenting plaintiffs' income on their loan application. As explained above, plaintiffs' legal theory has no merit. It was plaintiffs themselves who represented their income on their loan application, which they both signed. The Court addressed this identical claim in *Abo-Hassan*:

> In count IV, plaintiff claims defendant violated the Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679a, et seq, by misrepresenting plaintiff's income on her application. Plaintiff's claim has no merit and fails for two reasons. First, the CROA applies to "credit repair organizations." *See* 15 U.S.C. § 1679a(3). Defendant is not a credit repair organization and did not provide credit repair services to plaintiff. *See Jackson v. Tel. Chrysler Jeep, Inc.*, No. 07-10489, 2009 WL 928224, at *6 (E.D. Mich. March 31, 2009) ("Courts have noted that the CROA makes a distinction between 'credit counseling' services, which are prospective in nature, and 'credit repair' services, which retrospectively offer 'false hopes of absolution for confessed past credit sins.'"). Second, as explained above, plaintiff is the one who represented her income on her application to defendant, which she signed and certified; defendant did not submit an application to itself.
>
> Even if the Court agrees with plaintiff that defendant made a representation to itself, her claim under the CROA fails. At least one court has held that, even if a mortgage lender is a "person" subject to the CROA as a "credit repair agency," Congress did not intend to extend liability under the CROA for a person making a false statement to itself. *Hayrioglu v. Granite Capital Funding, LLC*, 794 F. Supp. 2d 405, 415 (E.D. N.Y. 2011) (citing *Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 899 (N.D. Ill. 2009)). Thus, assuming the CROA applies to defendant and the Court buys plaintiff's argument that the representation on the application was made by defendant rather than plaintiff, the CROA does not allow liability for a statement defendant made to itself.

2013 WL 249603, at *4.

For the same reasons the Court articulated in *Abo-Hassan*, plaintiffs' CROA claim

has no merit.

## V. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment has been granted.  This case is DISMISSED.  Defendants' pending motion to strike (Doc. 24) is MOOT.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 5, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 5, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160

11